LONG v. LOUGHRAN ET AL.

1. **Jurisdiction:** AGREEMENT: NOTICE. A notice issued by a justice of the peace stated that plaintiff claimed three hundred dollars upon a promissory note " with ten per cent. attorneys' fees thereon and jurisdiction given in said note to any justice of the peace." Judgment was rendered for an amount less than three hundred dollars: *Held*, that the phrase providing for attorneys' fees was simply descriptive, and did not ask for a judgment for that amount in addition to the amount of the claim stated, and that, accordingly, the notice gave the justice jurisdiction to render the judgment.

*Appeal from Order of Miller, Ch. J., Dissolving an Injunction.*

TUESDAY, OCTOBER 26.

ON the 12th day of November, 1874, there was served on plaintiff a notice issued by E. W. Mitchell, a justice of the

peace, as follows: "You are hereby notified that John Loughran claims of you three hundred dollars justly due from you on your promissory note, with ten per cent. attorneys' fees thereon, and jurisdiction given in said note to any justice of the peace; and, unless you appear at the office of E. W. Mitchell, a justice of the peace in and for Newton township, Jasper county, Iowa, on the 18th day of November, A. D. 1874, at 10 o'clock, A. M., and make defense to said claim, judgment will be rendered against you for the amount found due on said claim, with costs."

The following is a copy of the note sued on: "By August 1, 1874, after date, I promise to pay to the order of Jno. Loughran two hundred and fifty dollars, at the banking house of D. L. Clark, Newton, Iowa, with ten per cent. interest after due, value received, with ten per cent. attorneys' fees, if collected by suit; and hereby consents that any justice of the peace may have jurisdiction on this note."

On the 18th day of November, the justice rendered judgment, by default, upon said note, for $255.34, and attorneys' fees $25.53, being $280.87.

The plaintiff presented his petition to the Hon. W. E. Miller, Ch. J. of this court, alleging the foregoing facts, and claiming that the judgment was void because the original notice claimed a sum in excess of the jurisdiction of a justice of the peace, and asking that an injunction issue, restraining the enforcement of the judgment. On the 30th day of November, 1874, an injunction was allowed as prayed.

Afterward, a motion to dissolve this injunction was presented, and the following order, signed by the Hon. W. E. Miller, Ch. J. of the Supreme Court, was made, to-wit: "A motion having been made December 7, 1874, to dissolve the injunction herein granted, and the plaintiff appearing by Smith & Wilson, and the defendants by Ryan Bros., and the case being fully heard and considered, it is ordered that the injunction heretofore allowed be, and the same is, hereby dissolved. This order is grounded chiefly upon the careful consideration of the notice given to this plaintiff by the defendant of the action before the justice of the peace, and that it

claimed only $300,—the reference to ten per cent. attorneys' fees being only a description of the note."

From this order dissolving the injunction, the plaintiff appeals.

*Smith & Wilson*, for appellant.

The amount claimed in the notice is the criterion of jurisdiction. (*Stone v. Murphy*, 2 Iowa, 37; *Buther v. Brand*, 6 Id., 235; *Galley v. County of Tama*, 40 Id., 49.) Where the judgment is void, all proceedings founded upon it are worthless. (Freeman on Judgments, § 117.) A void judgment can be attacked collaterally or directly, when called in question. (Id., § 120; *Reed v. Wright*, 2 G. Greene, 33.) A limited tribunal taking upon itself the exercise of jurisdiction not belonging to it, its decisions are a nullity, and from them there need not be an appeal. (Id., § 525.) And the officers enforcing execution under a void judgment are liable as trespassers. (*Inos v. Winspear*, 18 Cal., 397; *Eaton v. Badger*, 33 N. H., 228; *Morse v. Presley*, 25 Id., 299; *Kitsmiller v. Kitchen*, 24 Iowa, 163.)

*Ryan Bros.*, for appellees.

When the justice erred in entering a judgment by default against defendant, without sufficient notice, the proper remedy was by writ of error, and appeal was held not to lie. (*Craine v. Fulton*, 10 Iowa, 457.) A writ of error to a justice will not lie unless the attention of the justice has been called to the alleged error, and he refuses to correct it. (*Ruddick v. Vail*, 7 Iowa, 44; *Leonard v. Hallam*, 17 Id., 564.) Where the judgment of the justice is rendered on defective notice, it cannot be assailed collaterally. (*Ballinger v. Tarbell*, 16 Iowa, 491.) Before equity will interfere to set aside a judgment, it must be shown that the party seeking relief has no plain and adequate remedy at law. (*Piggott v. Addicks*, 3 G. Greene, 427; *Kriechbaum v. Bridges*, 1 Iowa, 18; *Doyle v. Reilly*, 18 Id., 108; *Hair v. Law*, 19 Ala., 224.) Void judgments are binding nowhere, while voidable ones are valid

until reversed by a superior authority. (*Hollingsworth v. Barbour*, 4 Pet., 466; *Reed v. Wright*, 2 G. Greene, 15.)

DAY, J.—I. Appellant claims that the motion to dissolve the injunction does not present the objection upon which the Chief Justice acted in dissolving it.

The motion presents several specific grounds, and the general ground that the motion was improperly granted.

The motion, we think, authorized a reconsideration of the terms of the original notice.

II. The amount of the note, including interest and attorneys' fees, and the amount for which judgment was rendered, is less than $300.00, and is within the sum over which a justice of the peace may have jurisdiction, by consent. Code, section 3508. Unless, therefore, the notice clearly claims more than three hundred dollars, the judgment should not be held void for want of jurisdiction. The notice is evidently drawn in an unskillful manner, and it seems to us that it is fairly susceptible of the construction placed upon it in the order dissolving the injunction. The note, it is to be observed, provides for an attorneys' fee of ten per cent., and consents that a justice of the peace may have jurisdiction over it. Now, it is quite evident that the phrase in the notice, "jurisdiction given in said note to any justice of the peace," is descriptive of a portion of the terms or provisions of the note. This is connected by the conjunction to what precedes, and may be treated as an adnominal phrase governed by the preceding preposition *with*. It does no violence to our language to treat the whole as a limitation, qualification or identification of the note referred to.

" You are notified that John Loughran claims of you three hundred dollars on your promissory note." What note? The one providing for ten per cent. attorneys' fees, and that jurisdiction be given to any justice of the peace, or in the language of the notice, the one " with 10 per cent. attorneys' fees thereon, and jurisdiction given in said note to any justice of the peace."

This construction is the more reasonable from the fact that

the note had been on interest but a short time when the action was commenced, and the three hundred dollars claimed are more than enough to cover the face of the note, interest and attorneys' fees.

It may, therefore, well be supposed that the intention was not to ask attorneys' fees in addition to the three hundred dollars.

We feel that the construction placed upon the language is not unreasonable, that it accords with, rather than does violence to, the grammatical structure; and that, in view of the amount recoverable upon the note, it probably carries out the intention of the justice who prepared it.

AFFIRMED.