## McVey v. Johnson.

1. **Justices' Courts:** JURISDICTION: AMOUNT. Where a petition in justice's court claimed that there was due plaintiff from defendant $124.83, but demanded judgment for only $99, the latter sum was the amount in controversy, and hence the court had jurisdiction of the amount.

2. **Appeal:** CORRECTING VERDICT: ERROR NOT SHOWN. Where it does not affirmatively appear that items withdrawn by plaintiff from his account during the trial were included in the verdict, this court cannot say that the court erred in refusing to deduct the amount of such items from the verdict found, even though the court neglected to instruct the jury as to the effect of their withdrawal.

*Appeal from Keokuk District Court.*—HON. J. K. JOHNSON, Judge.

FILED, SEPTEMBER 8, 1888.

THIS action was brought in justice's court. In the original notice plaintiff claimed ninety-nine dollars as debt and damages. On the day of trial he filed a petition, in which he claimed several items of damages for alleged breaches of a lease of real estate; also a number of items for work and labor. The aggregate of all the items was $124.83, but it was alleged that plaintiff remitted all of the claim except ninety-nine dollars. This *remittitur*, however, was general, and did not apply to any particular items. Plaintiff recovered judgment for ninety-nine dollars, and defendant took an appeal to the district court, where she filed a motion to dismiss the cause on the ground that the amount in controversy exceeded one hundred dollars, and the justice did not have jurisdiction; but the motion was overruled. During the progress of the trial plaintiff withdrew two items of his account, which, in the aggregate, amounted to $27.83. The jury returned a verdict for plaintiff for thirty-seven dollars. Defendant moved the court to

deduct the amount of the items which were withdrawn, from the amount of the verdict, but the motion was overruled, and judgment was entered for the amount of the verdict.   Defendant appeals.

*Mohland & Hamilton* and *George D. Woodin*, for appellant.

*Mackey & Stockman*, for appellee.

REED, J.—I.   The petition, it will be observed, alleged that the sum actually due plaintiff is in excess of one hundred dollars, but the amount sought to be recovered is less than that.   The question of jurisdiction depends upon whether the amount in controversy is determined by the allegation as to the sum actually due, or that sought to be recovered.   We think the latter amount determined the question.   The amount claimed necessarily limits the amount of the recovery.   If one sues in a court of competent jurisdiction to recover damages for the loss of a horse, alleging its value to be one hundred and fifty dollars, but claiming to recover damages only to the amount of one hundred and twenty-five dollars, he might recover that amount or any sum less than that, but could not recover more.   The amount in controversy in that case would be the sum claimed, and the present case does not differ in principle from that.   It is the amount in controversy, and not the items or matters out of which the claim arises, which confers or defeats jurisdiction, and that is to be determined by the sum which may be recovered in the action.   The question, in effect, was decided in *Long v. Loughran*, 41 Iowa, 543.

1. JUSTICE'S courts: jurisdiction: amount.

II.   The question as to whether the amount of the items withdrawn by plaintiff during the trial in the district court should be deducted from the amount of the verdict was certified to this court by the trial judge.   The certificate recites that the court did not instruct the jury as to the effect of such withdrawal.   The question whether the deduction should be made depends entirely upon

2. APPEAL: correcting verdict: error not shown.

whether the amount of the items was included in the verdict. But it does not appear that it was so included. It does not follow that they were included because the court neglected to instruct as to the effect of their withdrawal. There may have been no evidence to establish them, and consequently no necessity for instructing on the question. It does not affirmatively appear, then, that the court erred in refusing to make the deduction. In ordinary actions this court can reverse only for errors of law shown by the record.

AFFIRMED.