BOVEE, RESPONDENT, *v.* HELLAND, APPELLANT.

(No. 3,622.)

(Submitted February 18, 1916. Decided March 13, 1916.)

[156 Pac. 416.]

*Promissory Notes—Costs—Attorneys' Fees—Special Damages—*
*Stipulations—Validity—Rules of Court.*

Costs—Attorneys' Fees—Rules of Court.
 1. *Quaere:* May the district court make a rule allowing attorneys' fees as costs in cases where they are not expressly authorized by statute or stipulated for by the parties?

Same—Attorney's Fee—Statutory Provision Exclusive, When.
 2. Since section 7169, Revised Codes, which declares what items may be recovered as costs in ordinary actions is exclusive except so far as certain cases are taken out of its operation by special statutes, and does not mention an attorney's fee as one of such items, it is not recoverable as costs independently of rule of court (assuming that such a rule may be promulgated) or stipulation of parties.

Same—Attorney's Fee—Stipulation—Special Damages.
 3. A stipulation in a contract for the payment of money permitting recovery of counsel fees in case action has to be brought to enforce collection is in the nature of a provision for special damages, recoverable, in addition to the principal sum claimed, upon appropriate allegation and proof.

Same—Attorney's Fee—When Recoverable as Costs.
 4. Where a promissory note expressly provided that "attorneys' fees in addition to other costs" might be recovered in the event of suit, the fees were by such stipulation taken out of the category of special damages assessable by a jury, and placed among costs recoverable in addition to those awarded by statute.

[As to attorneys' fees as costs, see note in 79 **Am. St. Rep.** 178.]

*Appeal from District Court, Dawson County; C. C. Hurley,*
*Judge.*

ACTION by Estella Bovee against S. H. Helland. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. Albert Anderson* and *Mr. Henri J. Haskell,* for Appellant, submitted a brief; *Mr. Anderson* argued the cause orally.

In an action at law, the court can impose no costs in the way of attorney's fee excepting such as are expressly provided for by statute. (11 Cyc. 104; *Larson* v. *Winder,* 14 Wash. 647, 45 Pac. 315.) In a long line of authorities which is almost universal

the courts have held that the attorney's fee provided for in a note is a part of the debt which the maker of the note agrees to pay under certain conditions, and that the amount thereof can be recovered as special damage and not as costs. The authorities are collected in a note to the case of *Parks* v. *Granger,* 27 L. R. A. (n. s.) 157. (See, also, *De Jarnatt* v. *Marquez,* 127 Cal. 558, 78 Am. St. Rep. 90, 60 Pac. 45.) In the case of *Prescott* v. *Grady,* 91 Cal. 518, 27 Pac. 755, the court holds that the attorney's fee in an action on a promissory note providing for an attorney's fee must be passed upon at the trial of the action, the same as any other damages which the plaintiff seeks to recover.

*Mr. S. E. Felt,* for Respondent, submitted a brief and argued the cause orally.

The respondent contends, in the argument of this case, for two propositions: (1) Under the law of this state, attorneys' fees are in the nature of costs and are to be taxed by the court; (2) that appellant is estopped to claim that the attorneys' fees should have been determined by the jury and included in their verdict.

As to the first proposition: 11 Cyc. 105, reads as follows: "In jurisdictions, where stipulations for the payment of attorney's fees are considered valid, these fees are taxable as costs."

In *Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291, after discussing the validity and effect of stipulation to pay attorneys' fees, in the event of suit, the court held that such fees are incidental to the main cause of action; are in the nature of costs and under the supervision and control of the court.

The appellant is estopped to argue that the attorneys' fees were a part of the plaintiff's main cause of action, and should have been submitted to the jury and included in their verdict. Certainly, the jury could not find attorneys' fees for the plaintiff without some evidence being introduced to support the finding. Since the defendant went into the trial of the case below,

merely admitting the execution of the notes and then asking for the right to open and close, he cannot now be heard to complain that the attorneys' fees should have been submitted to the jury and included in their verdict.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On November 18, 1913, the defendant executed and delivered to the plaintiff three promissory notes for $400 each, due and payable, respectively, on the first days of January, February and March, 1914, with interest at the rate of 10 per cent per annum. Except as to their due dates, they are identical in form. The following is a copy of the first:

"$400.00.                    Glendive, Mont., November 18, 1913.

"January 1, 1914, after date, without grace, for value received, I or we jointly and severally promise to pay to the order of Estella Bovee, four hundred and no-100 dollars payable at the Exchange State Bank of Glendive, Glendive, Montana, with interest at 10 per cent. per annum from date until paid, and with attorney's fees in addition to other costs, should the holder be obliged to enforce payment of this note by law. The indorsers of this note waive demand, protest and notice of protest and guarantee payment; interest payable annually; if the interest is not punctually paid, it shall become a part of the principal and thereafter bear the same rate of interest as the principal.

"Due Jan. 1st, 1914.

                                   "S. H. Helland."

On March 13, 1914, this action was brought to enforce payment, the complaint declaring upon the notes in separate counts. Each of the counts contains this allegation: "That the plaintiff has been obliged to enforce payment of the said promissory note by a suit at law, and to employ an attorney for that purpose; that the sum of $50 is a reasonable fee for the services of the said attorney in this * * * cause of action, which said sum this plaintiff has been obliged to pay. * * *" The prayer

includes a demand that plaintiff be awarded counsel fees in the sum of $150. The consideration for the notes was a quantity of hay sold and delivered by plaintiff to defendant in the stack. The defense interposed was that a mutual mistake had been made by the parties in the standard adopted to ascertain the quantity of hay, and that for this reason the notes were given for a much larger sum than was due the plaintiff. The answer does not deny the allegations relating to counsel fees, the only issue tried being that made by the reply to the affirmative defense. The jury returned a verdict for the amount of all the notes, principal and interest. The plaintiff included in her memorandum of costs an item of $112.65 as a charge for counsel fees. Defendant moved that the item be stricken out. The court overruled the motion, ordered the item allowed, and it was incorporated in the judgment as a part of the costs of the action. The appeal is from the judgment and presents the single question whether the allowance was proper.

The rule has always prevailed in this jurisdiction that no costs may be allowed which are not expressly authorized by statute. [1, 2] (*Montana Ore Pur. Co.* v. *Boston & Mont. C. C. & S. M. Co.*, 27 Mont. 288, 70 Pac. 1114; *Colusa Parrott M. & S. Co.* v. *Barnard*, 28 Mont. 11, 72 Pac. 45; *Neuman* v. *Grant*, 36 Mont. 77, 92 Pac. 43.) Section 7169 of the Revised Codes declares what items may be recovered as costs in ordinary cases. It contains no mention of attorneys' fees. After designating what are necessary disbursements recoverable by the successful party, it concludes: "Any such other reasonable and necessary expenses as are taxable according to the course and practice of the court, or by express provision of law."

Assuming that a district court may adopt a rule on the subject —a proposition which we do not decide—the allowance, if made, must be justified by the rule or by some express provision of law. Whether the district court of Dawson county has promulgated such a rule, the record does not disclose; and while there are provisions authorizing the allowance of counsel fees as costs in special cases—such as are referred to in sections 7165 and 7167

(section 7166 is invalid [*Mills* v. *Olsen,* 43 Mont. 129, 115 Pac. 33])—these sections are exceptional and do not enlarge the scope of section 7169.   It is exclusive except so far as special cases are taken out of its operation by such provisions as sections 7165 and 7167.   Therefore the allowance in question cannot be upheld upon the theory that it is authorized by rule or statute.

It is true that in the case of *Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Am. St. Rep. 461, 14 L. R. A. 588, 28 Pac. 291, this court referred to counsel fees stipulated for in a promissory note, as being in the nature of costs and within the supervision and control of the court.   The question whether or not such fees come within the purview of section 7169, however, was not before the court.   The court was there considering the question of the validity of such a stipulation, and the remark referred to was merely incidental.   By the great weight of authority, a [3]   stipulation in a contract for the payment of money, allowing recovery of counsel fees in case action has to be brought to enforce collection, is regarded as a provision for special damages, recoverable, in addition to the principal sum claimed, upon appropriate allegation and proof.   (*Parks* v. *Granger,* 96 Miss. 503, Ann. Cas. 1912B, 232, 27 L. R. A. (n. s.) 157, 51 South. 716; *De Jarnatt* v. *Marquez,* 127 Cal. 558, 78 Am. St. Rep. 90, 60 Pac. 45; *Morgan* v. *Kiser & Co.,* 105 Ga. 104, 31 S. E. 45; *Warder B. & G. Co.* v. *Raymond,* 7 S. D. 451, 64 N. W. 525; *Long* v. *Loughran,* 41 Iowa, 543.)

But notwithstanding these considerations, we think the allowance was properly made in this case, on the theory that the [4]   parties intended that the fees should be a part of the costs, and therefore should be fixed by the court as such.   The stipulation is for "attorney's fees in addition to other costs."   While the language is not as clear and explicit as it might have been, yet it puts the fees in the category of costs by making them an addition to costs recoverable under the statute, thus taking them from the category of special damages to be assessed by the jury. In other words, the parties by their own stipulation made the fees an incident to the judgment.   We know of no provision

of statute or rule of law founded upon considerations of public policy, which renders such a stipulation objectionable. On the contrary, the right of the parties to say what costs may be assessed upon the termination of the action, and thus control the power of the court to award them, has been expressly recognized. (*Dorr* v. *Steichen,* 18 Minn. 26 (Gil. 10) ; *People* v. *Fitchburg R. Co.,* 18 N. Y. Supp. 269; *Fish* v. *Coster,* 28 Hun (N. Y.), 64.)

It is true that, when the action was brought, counsel for plaintiff entertained the notion that the fees were recoverable as special damages. This is apparent from the allegation in the complaint quoted above. This, however, did not preclude the court from making a reasonable allowance as it did, counsel having abandoned his original theory and concluded to rely upon the stipulation.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

