LE CLAIR, RESPONDENT, *v.* SCHOOL DISTRICT No. 28, APPELLANT.

(No. 5,751.)

(Submitted October 20, 1925. Decided October 29, 1925.)

[240 Pac. 391.]

*Schools and School Districts—Teachers' Contracts—Breach—Evidence—Sufficiency—Instructions—Law of Case—Nonpayment of Salary—Admissions—Formal Proof Unnecessary.*

Instructions—Law of Case—Jury must Follow.
   1. Instructions are the law of the case which the jury must follow, whether right or wrong, and a verdict rendered in disregard of them will be set aside as against law.

Schools—Teacher's Contract—Breach—Burden of Proof.

2. Where an instruction in an action by a school-teacher against a school board for breach of contract of employment advised the jury that the burden of proving that plaintiff presented herself to the officers of the district for performance of her duties at the beginning of the school year was upon her, and that if she did not so present herself verdict should be for defendant, evidence that she presented herself to the only officer available, the others being absent, was sufficient to justify a verdict in her favor.

Same—Tender of Services by Teacher—When not Required.

3. Since the law does not require impossibilities nor the doing of idle acts, where a school board by filling the position for which it had employed plaintiff had put it out of its power to place her, all other positions being filled, did not hold any meeting at which plaintiff could have presented herself for duty, and the superintendent had advised her that the board had repudiated its contract with her, she was not required to tender her services to the board or the superintendent, within the meaning of the instruction above, to entitle her to recover.

Same—Nonpayment of Salary—Admissions—Formal Proof not Necessary.

4. Formal proof of nonpayment of plaintiff's salary was rendered unnecessary by allegations in defendant district's answer made in excuse of nonpayment, constituting in effect admissions of nonpayment, and by the testimony of its clerk that plaintiff's salary would have been the amount sued for if she had served.

Appeal and Error, 4 C. J., sec. 3187, p. 1166, n. 76.
Contracts, 13 C. J., sec. 510, p. 540, n. 21; sec. 518, p. 553, n. 57; sec. 721, p. 647, n. 24.
Evidence, 22 C. J., sec. 22, p. 80, n. 26.
Schools and School Districts, 35 Cyc. p. 1107, n. 67; p. 1108, n. 69.
Trial, 38 Cyc., p. 1327, n. 47; p. 1595, n. 91.

*Appeal from District Court, Lake County; James M. Self, Judge.*

ACTION by Ceil Le Clair against School District No. 28 for breach of contract. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. Walter L. Pope* and *Mr. Clark T. Brown,* for Appellant, submitted a brief; *Mr. Pope* argued the cause orally.

*Mr. Harry H. Parsons* and *Mr. Fred W. Schilling,* for Respondent, submitted a brief; *Mr. Parsons* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This appeal is from a judgment awarding plaintiff damages in the sum of $1,300, with interest, for the breach of her contract of employment as a teacher in the schools of defendant district.

The only specifications of error which are assigned and argued are: (1) That the verdict is contrary to the court's instruction No. 2, and therefore "against the law"; and (2) that the evidence is insufficient to justify the verdict. These specifications are predicated upon the assertion that plaintiff failed to prove performance or tender of performance of her contract and failed to prove nonpayment of her salary.

1. There is no substantial conflict in the testimony; the evidence adduced, briefly stated, is as follows: School district No. 28 of Lake county is an exceptionally large district; it embraces six towns, including Ronan and St. Ignatius, and employed forty-six teachers. Two members of the board of trustees resided, at the time the cause of action arose, in the vicinity of Ronan, the remaining members residing in distant parts of the district. The clerk of the board, who was also superintendent of the schools of the district, resided at St. Ignatius, eighteen miles from Ronan. The plaintiff had been employed by defendant as assistant principal of the Ronan high school for three consecutive years prior to the school year of 1922–1923. The form of contract used by the district contained a provision that "the said board reserves the right to reassign teachers at any time, if the welfare of the school or system seems to require it."

On June 3, 1922, after the close of the school year, the board passed a resolution which reads: Resolved "that Miss Agnes Fessenden be assigned to the position of assistant principal of the Ronan school, and that the superintendent assign teachers as his judgment warrants." No reason was given for the action taken and no notice thereof was given to the

plaintiff, nor was she then nor at any other time assigned to any other position in the district. Learning, through outside rumor, that some such action had been taken, plaintiff consulted the superintendent, who assured her that she had no cause for worry as she would still have her position. Plaintiff thereupon departed for Seattle, where she attended summer school.

On July 21, 1922, the superintendent wrote the plaintiff to the effect that the board had decided not to assign her to her old position and advised her that "if you wish to be considered for any other position in the district kindly advise me and it will be taken up at the next meeting of the board of trustees." This letter was addressed to plaintiff at Ronan and was not received by plaintiff until after school opened, September 11, 1922. At some time subsequent to the closing of school in the spring of 1922, plaintiff evidenced her intention to accept her position for the ensuing year by signing and mailing to the board the usual teacher's contract for the year 1922–1923. This contract was received by the board but, according to the testimony of the clerk, it was "repudiated" by the board.

The plaintiff returned to Ronan on or about September 1, 1922, ready and willing to perform her contract, only to find that the assignment of another to the position of assistant principal had been regularly made and that every other position in the district had been filled. On September 10 she sought to interview the two members of the board residing in the vicinity; one was away from home, but she did present herself for service in the school to the remaining officer of the district, but was informed that there was no position open to her. Plaintiff thereupon sought a position elsewhere, but without success. Hanson, the superintendent, made no attempt to assign plaintiff to any position, and testified, when called on her behalf, that all positions in the district were filled before the opening of school, the last, a vacancy caused

by resignation, being filled on September 8, and that "had she applied to the board at the opening of school say September 11, there would have been no place open for her." On cross-examination Hanson did testify that "if Miss Le Clair had reported to me on September 11, or at the time school began, I would have assigned her to a school," but it seems clear that this statement referred only to a vacancy which occurred some three weeks after that date.

Neither the plaintiff nor any other teacher had ever theretofore been required to report to the superintendent for duty, nor had plaintiff had any notice that the superintendent had authority, if such was the fact, to assign teachers to any position.

Instruction No. 2, given by the court, reads as follows: "You are instructed that the plaintiff alleges in her complaint that she returned to Ronan on or about the 1st of September, 1922, and offered her services to the defendant school district and that on or about September 5, 1922, or at the beginning of the school year, defendant school district refused to accept her services. You are instructed that the burden is upon the plaintiff to prove by a preponderance of the evidence this allegation of her complaint and that she presented herself to the officers of the school district at the time or after the school year of 1922–1923 had commenced for the purpose of performing her duties as a teacher in the schools of said district, and unless you believe that the plaintiff did so present herself, then the verdict must be for the defendant."

"It is the duty of the jury to follow the instructions of [1] the court whether they be right or wrong" (*Lacey* v. *Great Northern Ry. Co.*, 70 Mont. 346, 225 Pac. 808); they are the law of the case, and a verdict rendered in disregard of them will be set aside as against law. (*Murray* v. *Heinze*, 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; *Hammond* v. *Thomp-*

*son,* 54 Mont. 609, 173 Pac. 229; *Shipler* v. *Potomac Copper
Co.,* 69 Mont. 86, 220 Pac. 1097.)

If, therefore, the plaintiff did, in fact, fail to prove that
she "presented herself to the officers of the school district,"
as she was required to do under the above instruction, whether
the instruction correctly stated the law or not, the verdict
is "against law" and must be set aside.

Is the evidence above outlined sufficient to justify the ver-
[2] dict under the law as given in this instruction? There
can be no question of the re-election of plaintiff for the year
1922–1923. Section 1075, Revised Codes of 1921, declares that
"after the election of any teacher * * * for the second
consecutive year in any district in the state, such teacher
* * * so elected shall be deemed re-elected from year to
year thereafter unless the board of trustees shall, by a ma-
jority vote of the members on or before the first day of May,
give notice in writing to such teacher * * * that his
services will not be required for the ensuing year," *etc.*
Plaintiff accepted her re-election by signing and returning
to the board the contract tendered, and was assured that her
position was secure; there was nothing further for her to do
until school opened.

Counsel for defendant contends that, under the instruction
given, she was in duty bound to tender her services, at the
opening of school, to the board of trustees while in session;
to report to the superintendent that she was ready to take
up her duties and to present herself at the school on its
opening. The answer to this contention is that the utmost
the instruction requires is that the jury must find from the
evidence that, at the time stated, the plaintiff did present her-
self to "the officers of the school district," ready and willing
to enter upon the discharge of her duties.

While the board can only act while in session (*O'Brien* v.
[3] *School District,* 68 Mont. 432, 219 Pac. 1113), if the
board had theretofore performed its contract by holding open

a position for plaintiff, no official action on the part of the board was called for at that time; all that remained was for plaintiff to take up and discharge the duties of her position. But defendant had made it impossible for her to do so, as her position had already been assigned to another, and all other positions in the district had been filled; and not only this, but the board made it impossible for her to report to it as a body, as no meeting of the board was held between the closing of school in the spring of 1922 and its opening September 11 of that year. "The law never requires impossibilities." (Sec. 8760, Rev. Codes 1921.)

Plaintiff had no reason to suppose that an appeal to Hanson would avail her any relief, and there is nothing in the evidence, other than Hanson's statement quoted, which is not borne out by the remainder of his testimony, to indicate that, had she reported to him, he would or could have then assigned her to any school; his letter to her negatived rather than asserted that he had any authority in the matter, and there was nothing in the law nor custom in the district requiring the plaintiff to so report.

On the opening of school plaintiff knew that her former position was occupied, and to appear there seeking to discharge the duties of that position would have resulted only in embarrassment to her successor, to the principal of the school, and to herself; it would have been but an idle gesture, and again we have a maxim of jurisprudence which exactly fits the case: "The law neither does nor requires idle acts." (Sec. 8761, Rev. Codes 1921.)

It is therefore apparent, that when the plaintiff presented herself to the only officer of the school district available to her at the time and place when and where she was required to present herself for duty, she did all that was possible for her to do under the circumstances, and all that could be required of her, either under the law or under her contract,

and proof that she did so present herself was a sufficient compliance with the requirements of the said instruction.

2. The contention that plaintiff failed to establish her allegation of nonpayment is without merit.

[4] While the general denial in the answer includes the allegation of nonpayment, the defendant affirmatively alleged that it was at all times ready and willing to employ the plaintiff for the school year of 1922–1923, and to accept and receive her services in that regard, and "to pay the plaintiff in case such services were performed; but that the plaintiff did not * * * present herself to the said district or to its officers * * * for the purpose of teaching," and did not then or at any other time perform or offer to perform any services for the defendant. These allegations, made as an excuse for nonpayment, are, in effect, an admission of nonpayment. Again, the clerk of the district, called on behalf of plaintiff, testified that her salary would have been $1,300 for the school year of 1922–1923 "if she had been re-employed" for that year, but that her contract was "repudiated," and that she did not serve the district or tender her services for that year.

The fact of nonpayment therefore sufficiently appears from the record to excuse the formal proof thereof. The evidence, taken as a whole, is amply sufficient to justify the verdict.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.