McBRIDE, Respondent, *v.* SCHOOL DISTRICT No. 2,
· SILVER BOW COUNTY, Appellant.

(No. 6,642.)

(Submitted June 30, 1930. Decided July 19, 1930.).

[290 Pac. 252.]

112

[redacted]

*Mr. H. J. Freebourn, Mr. Harlow Pease* and *Mr. T. J. Davis,* for Appellant, submitted a brief; *Mr. Davis* argued the cause orally.

*Mr. Edwin M. Lamb* and *Mr. Earle N. Genzberger,* for Respondent, submitted a brief; *Mr. Genzberger* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Margaret McBride taught the Rocker School, in Silver Bow county, for five years, under a contract with the school board, closing her last term in June, 1928. On April 25, 1928, Miss McBride received the following notice: "You are hereby notified to kindly put in your application for next term if you want the school. Miss Lillian Hawkins, Clerk of the Board." She thereupon filed the usual application, and thereafter received no notice from the school board.

On September 10, 1928, plaintiff presented herself for duty, but found another teacher in charge of the school. In October she demanded of the clerk a warrant for $145, the contract salary for the first month of the term, which demand was refused. On October 20, 1928, plaintiff brought action to recover the amount demanded as one month's salary, together with five per cent penalty, and an attorney's fee of $100 for the prosecution of the action.

The complaint filed alleges that plaintiff was automatically re-elected for the year beginning September 10, 1928, under the provisions of section 1075, Revised Codes of 1921, as she

had been elected for more than three consecutive years theretofore, and that plaintiff "considered" the communication quoted above "a notice of her re-election as by said statute provided" and accepted the same in writing.

By answer the school board denied the allegation of re-election and affirmatively alleged that the board refused to re-elect plaintiff and notified her to make application if she desired the school; that plaintiff had full knowledge of the action of the board, and that her application made on April 28, 1928, was a re-application for employment which was rejected by the board and notice of rejection given in August, 1928. The answer alleges, in effect, that the custom of the district, acquiesced in by the teacher during her years of employment, was to notify the teacher in advance that she would not be re-employed and then to request her to put in an application, thus freeing the board from the requirements of the statute. Issue was joined by reply.

On a trial of the cause each party moved the court for an instructed verdict; the motion of plaintiff was granted, and the jury was instructed to return a verdict for plaintiff for $145, with interest from date of demand; such verdict being returned, judgment was entered thereon.

The defendant has appealed from the judgment, but has brought up for our consideration only the judgment-roll, on which it is contended that the complaint does not state a cause of action, and that the judgment is not supported by sufficient pleadings to sustain it.

1. In so far as the judgment is concerned, a transcript of the evidence not being before us, we must assume that the proof was ample to support it, and that, if it is not supported by the pleadings, they were deemed amended to conform to the proof. (*Blackwelder* v. *Fergus Motor Co.*, 80 Mont. 374, 260 Pac. 734; *Bond Lumber Co.* v. *Timmons*, 82 Mont. 497, 267 Pac. 802; *Shaw* v. *McNamara & Marlow*, 85 Mont. 389, 278 Pac. 836.)

114

2. The defendant asserts that the complaint herein does not ██ ██ state facts sufficient to constitute a cause of action, as it shows on its face that the notice required by section 1075, Revised Codes 1921, was given by defendant to plaintiff on April 25, 1928.

Section 1075, as amended by Chapter 87, Laws 1927, provides that, "after the election of any teacher or principal for the third consecutive year in any school district in the state, such teacher or principal shall be deemed re-elected from year to year thereafter at the same salary unless the board of trustees shall by majority vote of its members on or before the first day of May give notice in writing to said teacher or principal that he has been re-elected or that his services will not be required for the ensuing year; provided that nothing in this Act shall be construed to prevent re-election * * * at an earlier date, and also provided that in case of re-election * * * he shall notify the board * * * in writing within twenty days after the notice of such re-election of his acceptance * * * and failure to so notify * * * shall be regarded as conclusive evidence of his nonacceptance of the position."

The notice given plaintiff by the clerk of the district, quoted above, was not notice that the board, by a two-thirds vote of its members, had determined that her services would not be required "for the ensuing year," but rather a request by the clerk of the district that she indicate whether she desired to retain her position, without any indication that it was made at the direction of the board.

We do not say that a school board may not discharge all of its teachers prior to May 1 and then request such teachers as it desires to retain to make application for a position, as alleged in the answer was done, but here we must assume that the evidence did not support the allegation of the answer.

The complaint alleges "that the Board of Trustees did not by a majority vote of its members on or before May 1, 1928, give notice in writing to plaintiff * * * that her services

would not be required. * * * '' It is true that she alleges that she "considered" the communication of April 25 "a notice of her re-election," but her construction of the communication was but a conclusion not binding on the court and is mere surplusage; the fact remains that the complaint alleges that the board did not comply with the requirement of the statute and the court found that this allegation was proved.

Defendant asserts that the complaint is insufficient in that it does not allege that she gave notice of acceptance within twenty days, but the requirement of the statute in this regard is merely that the teacher accept within twenty days after receiving notice of re-election; as no such notice was given, no notice of acceptance was required.

Relying upon *Kelsey* v. *School District,* 84 Mont. 453, 276 Pac. 26, defendant contends that the jurisdiction to determine the question here presented is vested in the constituted school authorities, and plaintiff should have exhausted her remedy by appeal to them before applying to the courts for relief. This contention cannot be maintained. In the *Kelsey Case* the court was dealing with a dismissal for cause, pursuant to section 1085, Revised Codes 1921, and an action for reinstatement, while the action at bar is for a money judgment for a breach of contract. What is said in the *Kelsey Case* as to remedies has no application here.

The complaint sufficiently states a cause of action.

The provisions of section 1075, as amended, became a part of the contract of employment and were binding upon both the teacher and the board of trustees (24 R. C. L. 618), and the notice of dismissal therein provided for must be clear and explicit (46 C. J. 553). As no such notice was given, plaintiff was automatically re-elected for the school year beginning in September, 1928, and was therefore entitled to recover the amount of salary due her for the first month of that year, with interest, as declared by the judgment. (*Le Clair* v. *School District No. 28,* 74 Mont. 385, 240 Pac. 391.)

3. The judgment-roll shows that, on motion of defendant, ▮▮ the court struck from the complaint the allegation that it had been necessary for plaintiff to employ an attorney for the prosecution of her action; that $100 is a reasonable attorney's fee, and that plaintiff is entitled to recover 5 per cent penalty, on the ground that "the same is irrelevant and immaterial and is not a pleading of any fact but merely a conclusion of law." Plaintiff has made cross-assignment predicating error upon the ruling on the motion to strike.

Counsel for plaintiff contend defendant is an "employer of labor" and plaintiff an "employee," within the meaning of section 3084, Revised Codes 1921, which provides that "every employer of labor (except agricultural labor) * * * shall pay to his employee the wages earned each and every fifteen days," and is therefore entitled to the penalty provided for failure to make the semi-monthly payment of wages declared in section 3085, Id. Counsel rely upon the fact that this court has held that cities and counties are "employers" within the meaning of the Workmen's Compensation Act (*City of Butte* v. *Industrial Accident Board*, 52 Mont. 75, 156 Pac. 130; *Lewis & Clark County* v. *Industrial Accident Board*, 52 Mont. 6, L. R. A. 1916D, 628, 155 Pac. 268), and upon the statement made in *First National Bank* v. *Barnum*, (D. C.) 160 Fed. 245, wherein a music teacher giving lessons at a stipulated amount per hour was held to be a wage-earner within the meaning of the Bankruptcy Act. After pointing out the distinction between labor and employment, wages and salary, the court remarked casually that "this is not to say that one who works for a salary, like the teachers in our public schools, may not be wage-earners, within the meaning of the Bankruptcy laws," etc.

It is true that in its broader sense the term "employee" would include a school-teacher, but the meaning of a given term employed in a statute must be measured and controlled by the connection in which it is employed, the evident purpose of the statute, and the subject to which it relates.

(*Northern Pacific Ry. Co.* v. *Sanders County,* 66 Mont. 608, 214 Pac. 596.) Sections 3084 and 3085, above, were intended only to apply to the semi-monthly payment of wages due from all "employers of labor," and it seems reasonably clear that the legislature did not intend that they should apply in the case of every officer or person receiving a fixed compensation for services rendered. We are of the opinion that the provisions relied upon have no application to the case at bar.

In so far as attorney's fees are concerned, counsel suggest ██ that they are recoverable as a part of the costs. The items which may be recovered as costs in an ordinary action are enumerated in section 9802, Revised Codes 1921. This section is exclusive, except in so far as certain cases are taken out of its operation by special statutes, and, in the absence of statute, stipulation of the parties or rule of court (assuming that such rule may be promulgated), attorney's fees are not so recoverable. (*Bovee* v. *Helland,* 52 Mont. 151, 156 Pac. 416.)

Section 9800 provides for the allowance of attorney's fees as costs on establishment of claims for wages under the provisions of sections 8351 to 8358, but those provisions have reference only to claims of employees against an employer who makes an assignment for the benefit of creditors.

There is no statutory provision for the allowance of an attorney's fee in the ordinary action for wages or salary due. The court therefore did not err in striking the allegations mentioned.

The judgment, as rendered, is affirmed.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Angstman concur.