502

GAMBLE-SKOGMO, Inc. v. McNAIR
REALTY CO.
No. 1195.

United States District Court
D. Montana. Great Falls Division.
Oct. 6, 1952.

---

I. W. Church, G. G. Harris, Bjarne Johnson and Carter Williams, Great Falls, Mont., for plaintiff.

H. C. Hall, Edward C. Alexander and Howard C. Burton, Great Falls, Mont., for defendant.

PRAY, Chief Judge.

Petition of defendant for allowance of attorney's fees was submitted under Rule 40(2), together with stipulation of counsel that briefs be filed without necessity of hearing on petition and without plaintiff being required to introduce evidence as to what constitutes a reasonable attorney's fee for the services of the defendant's attorneys; and that the court may rely upon its knowledge of the prevailing fees in this locality, the custom of the court, and any other pertinent information, to determine what fee, if any, should be allowed to the defendant on its said petition.

The court has heretofore rendered its decision, D.C., 98 F.Supp. 440, in the declaratory judgment proceedings instituted by plaintiff to have a declaration of the rights and duties of the parties under a certain written lease dated December 27, 1943. Said lease has no provision in it for the payment of attorney's fees in the event of default.

By its findings of fact the court found that plaintiff "was in default in the payment of rent reserved for more than two consecutive rental periods", and, "that by reason of such defaults said lease was on October 3rd, 1949, and has been at all times since, subject to termination by defendant."

The court further found that "by reason of such defaults the defendant was entitled, under the terms of the lease, to declare the lease terminated on October 3rd, 1949 and was entitled to the possession of the leased premises on October 10th, 1949."

In its judgment the court further stated:

"That by the tender on March 6th, 1951, of the sum of $6,305.20, representing unpaid rental plus interest and the costs of this suit, with interest on all of said sums from February 24th, 1951 to March 6th, 1951, at six per cent per annum, the plaintiff is entitled to and hereby is, relieved from the termination and forfeiture of said lease by reason of the aforesaid defaults, and is entitled to remain in possession of the leased premises so long as it continues to perform the terms and covenants of the lease; provided, however, that this court reserves and retains jurisdiction of said cause for the purpose of determining and adjudging after petition filed and hearing thereon, whether defendant is entitled to receive from plaintiff, in addition to the sums above set forth, the reasonable fees which defendant has become obligated to pay its attorneys by reason of the filing and prosecution of this action."

Plaintiff in its complaint alleged that "it has not defaulted in the payment of rent or in any of the covenants of said written lease", but that, "if this court adjudges that the plaintiff has failed to comply with the provisions of said written lease, such failure was the result only of an honest and reasonable interpretation of said written lease, and the plaintiff is ready, willing and able to make full compensation to the defendant for such failure if any exists."

It appears from the record that prior to the trial in federal court defendant alleges it brought plaintiff into state court in perpetuation proceedings and then for the first time ascertained and procured a complete account of all of the net retail sales of plaintiff's store, and it was determined that 2% of the net retail farm sales amounted to $5,160; that thereafter there were conferences between the parties and their counsel attempting to negotiate the matter.

It is the contention of counsel for defendant that the tenant has brought the landlord into court asking, first, that the court declare that there has been no breach of the lease effecting a termination thereof, and, second, that, if there has been such a breach and termination that plaintiff be relieved thereof upon making full compensation to the landlord. Section 17-102, R.C.M.1947, provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party * * *."

That the decision of the court was an interpretation of the lease as to what should be included as "net retail sales * * * had and obtained on the above described premises.", and said decision was a determination that as a part of the rent due under the said lease defendant was entitled to a "declaratory judgment on the percentage of sales of farm implements and parts", being 2% of the farm sales or the sum of $5,160.

Counsel for defendant further contends that the argument that plaintiff has paid full compensation is based upon an entirely false premise; that plaintiff has paid only what it promised to pay in 1943, and again in 1949; that in the meantime defendant has not only been without the money owed to it but has been put to great expense in finally obtaining payment of the money which rightfully belonged to it. That had the action been one in the state court for unlawful detainer, after notice of termination, a judgment in favor of defendant for triple damages and triple rent would have resulted. R.C.M.1947, section 93-9715. If payment of the rent due, plus damages, plus interest, and plus costs was then made within five days, then plaintiff could have been relieved from forfeiture.

It is the contention of counsel for plaintiff that the said lease has no provisions in it for the payment of attorney's fees in the event of default; that the lease provides, in part: "Lease covers all obligations. This lease covers in full each and every obligation of every kind or nature whatsoever from the Lessee to the said Lessor concerning the premises hereby demised, no verbal agreements shall be held to vary the provisions hereof, any statute, law, or custom of the State in which said premises are situated to the contrary notwithstanding."

That in an attempt to avoid litigation during compromise negotiations the plaintiff offered to defendant the sum of $5,160.60 as unpaid rental contingent upon the lease remaining in effect, or whatever sum might be found due, as the unpaid rental on farm store sales, which offer was refused by defendant if contingent upon anything. Following the litigation and judgment of this court plaintiff attempted to comply with the judgment and tendered to the defendant the sum of $6,305.20, calculated as follows: $5,931.18 representing compensation to be paid by plaintiff to defendant (2% of the farm store sales as part of rent); $362.25 representing costs; and $11.77 representing interest due from date of entry of Findings of Fact and Conclusions of Law up to the date of March 6, 1951. The above tender was refused by defendant and defendant filed the first notice of appeal; it was only

504

after the refusal of the tender and the notice of appeal by defendant that plaintiff filed a notice of cross-appeal.

Plaintiff's counsel states that defendant correctly points out that Section 17–102, R.C.M.1947, supra, is the statute under which relief was granted to the plaintiff in this case; that the Supreme Court of Montana has not ever allowed attorney's fees as part of the full compensation.

Counsel also states that if defendant was requesting damages for the claimed breach of the contract on covenant to account, the defendant had ample opportunity to present such a claim during the trial; that there was no claim made for any damages. Section 93–9715, R.C.M.1947, provides, in part: " * * * execution upon the judgment shall not be issued until the expiration of five days after the entry of the judgment, within which time the tenant, or any subtenant, or any mortgagee of the term, or other party interested in its continuance, may pay into court, for the landlord, the amount found due as rent, with interest thereon, and the amount of damages found by the jury or the court for the unlawful detainer, and the costs of the proceeding, and thereupon the judgment shall be satisfied and the tenant be restored to his estate".

That under the statute quoted above, which was referred to by defendant as being applicable in unlawful detainer proceedings, there is no provision for attorney's fees; there is a provision for damages, but neither this court nor the Circuit Court of Appeals found any damages suffered by the defendant in addition to what has already been paid; that even if the defendant were entitled to damages, attorney's fees are not one of the elements of damages in such an action. Smith v. Fergus County, 98 Mont. 377, 39 P.2d 193.

Section 93–8618, R.C.M.1947, provides: "What are costs and disbursements", and does not enumerate attorney's fees; that statute was previously section 9802, R.C.M. 1921, and was interpreted by the Supreme Court of Montana in McBride v. School District No. 2, Silver Bow County, 88 Mont. 110, 290 P. 252, wherein a teacher

as plaintiff was suing the defendant school district for breach of contract on being improperly notified of her dismissal. The Supreme Court held the School District was liable for compensation, and further said in 88 Mont. at page 117, 290 P. at page 255: "In so far as attorney's fees are concerned, counsel suggest that they are recoverable as a part of the costs. The items which may be recovered as costs in an ordinary action are enumerated in section 9802, Revised Codes [of Montana] 1921. This section is exclusive, except in so far as certain cases are taken out of its operation by special statutes, and, in the absence of statute, stipulation of the parties, or rule of court (assuming that such rule may be promulgated), attorney's fees are not so recoverable." Bovee v. Helland, 52 Mont. 151, 156 P. 416, 417.

Bovee v. Helland, supra, provides: "The rule has always prevailed in this jurisdiction that no costs may be allowed which are not expressly authorized by statute. Montana Ore Pur. Co. v. Boston & Mont. C. C. & S. M. Co., 27 Mont. 288, 70 P. 1114; * * *. Section 7169 of the Revised Codes declares what items may be recovered as costs in ordinary cases. It contains no mention of attorney's fees. * * The stipulation is for 'attorney's fees in addition to other costs.' While the language is not as clear and explicit as it might have been, yet it puts the fees in the category of costs by making them an addition to costs recoverable under the statute, thus taking them from the category of special damages to be assessed by the jury. In other words, the parties by their own stipulation made the fees an incident to the judgment. * * *"

Plaintiff contends it has complied with the general principle of equity that, "he who seeks equity must do equity.", in that plaintiff in an attempt to do equity and avoid litigation offered defendant exactly what the district court later decreed and exactly what was upheld by the appellate court per curiam; that equity does not require more than that; that the expenses and fees resulting from the appeal were caused

by defendant's refusal of tender and notice of appeal.

In the original proceedings the court cited U. S. v. Forness, D.C., 37 F.Supp. 337, which was quoted with approval from Davis v. Taylor, 51 App.D.C. 97, 276 F. 619, 621, as follows: "Ever since the decision of the Supreme Court of the United States in Sheets v. Selden, 7 Wall. 416, 421, 19 L.Ed. 166, it has been the settled law of all federal jurisdictions, except where controlled by statute, that the payment of the rent due, with interest and costs, or the tender of them, before the execution of the judgment for possession, relieves against the forfeiture resulting from the default in the payment of the rent. * * *"

In the case of Gold Dust Corporation v. Hoffenberg, 87 F.2d 451, 453, Second Circuit, 1937: "The court below granted attorney's fees of $750 on the grounds that gross and willful charges had been made but were unsustained and that the action had not been prosecuted as promptly and vigorously as would be expected of a bona fide action based upon substantial grounds * * *.

"It is a general rule in federal equity practice that the giving or withholding of costs, their apportionment and division, is a matter of discretion. Stallo v. Wagner, 2 Cir., 245 F. 636; Bliss v. Anaconda Copper Mining Company, C.C.Mont., 167 F. 1024; Kell v. Trenchard, 4 Cir., 146 F. 245. But the allowance of costs has with practical uniformity been restricted to those authorized by the fee bill, R.S. § 983; 28 U.S.C.A. § 830, or by some other statutory provision. Oelrichs v. Spain, 15 Wall. 211, 21 L.Ed. 43; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460; McIntosh v. Ward, 7 Cir., 159 F. 66. Compare Niday v. Graef, 9 Cir., 279 F. 941. Where no federal statute is applicable, the federal courts resort to the statutes and the practice of the state. Ex parte Peterson, 253 U.S. 300, 317, 40 S.Ct. 543, 549, 64 L.Ed. 919. See Gleckman v. United States, 8 Cir., 80 F.2d 394.

"Both in federal and state courts it is established in actions at law and almost uniformly settled in equity cases that counsel fees may not be recovered. Oelrichs v. Spain, supra. See Marks v. Leo Feist, Inc., supra. Exceptions are made if authorized by statute (see, for example, 1 N.J.Comp. Stat.1910, p. 445, § 91; Diocese [of Trenton] v. Toman, N.J., 70 A. 881), as where costs are made recoverable in specific types of cases. This has been done as to actions brought to enforce orders of the Interstate Commerce Commission, 49 U.S.C.A. § 16 (2), or in suits for infringement of the Copyright Law, 17 U.S.C.A. § 40, or in actions for violations of the anti-trust laws, 15 U.S.C.A. § 15.

"Counsel fees are granted where there is a fund in the hands of the court, as where a creditor's bill is filed and a fund brought into court out of which an allowance is made to the party who pursued the action for himself and others. Central Trust Co. of New York v. United States Light and Heating Co., 2 Cir., 233 F. 420. The theory, among others, is that the party reimbursed has acted as a 'trustee' in the 'common interest.' Trustees v. Greenough, 105 U.S. 527, 532, 26 L.Ed. 1157. In realty this is not an allowance of costs which properly signify a payment by the adverse party.

" * * * In Marks v. Leo Feist, Inc., supra, this court awarded counsel fees pursuant to the provision of the Copyright Act, 35 Stat. 1084, § 40, 17 U.S.C.A. § 40. It is stated, however, as a general rule, that: 'Each party to a litigation must pay his own counsel fees, no matter how unjust the litigation may have been or how great may have been the expensa litis.'

"Aside from any question of power, therefore, we are committed to the settled equity practice outlined above that counsel fees will not usually be allowed against an unsuccessful litigant. The decree will be modified by striking out the allowance of attorney's fees, and, as modified, affirmed."

The following authorities are illustrative of determinations made upon the question of the allowance or disallowance of attorney's fees in view of the facts and circumstances involved: Blum v. William Goldman Theatres, 3 Cir., 164 F.2d 192;

506

Guardian Trust Co. v. Kansas City Southern Ry. Co., 8 Cir., 28 F.2d 233; Kellems v. California CIO Council, D.C., 6 F.R.D. 358; Leary v. United States, 4 Cir., 257 F. 246; Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184.

The contentions of counsel set forth herein present the pertinent facts and circumstances existing in connection with the litigation involved in the declaratory judgment proceedings heretofore determined, and with respect to that litigation the court made its decision, including interpretation of the lease agreement involved in the litigation and determination of the rights and duties of the parties under said lease agreement, in the light of the facts and evidence presented at the trial; either party was entitled to invoke the power of the court for such a determination—nowhere has it been shown that the facts and circumstances in this instance are in the nature of an exception to the well settled federal and state rules that attorney's fees are not allowed, other than as the authorities herein illustrate.

The court has endeavored carefully to consider the able arguments of counsel as found in their respective briefs, and the authorities cited, and being duly advised and good cause appearing therefor, is of the opinion that the petition of defendant for allowance of attorney's fees should be denied, and such is the court's order herein. Exceptions allowed counsel to the ruling of the court.