WILLIAM M. KINGSLAND, as Sole Surviving Trustee, etc., and Others, Plaintiffs, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK and Others, Defendants.

*Submission upon an agreed statement of facts—an additional allowance may be granted under section 3253 of the Code of Civil Procedure.*

In a controversy, submitted upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure, the court has power to grant an additional allowance, under section 3253 of the Code of Civil Procedure, where it appears that the case is difficult and extraordinary.

*Neilson* v. *Mutual Insurance Company* (3 Duer, 683); *New York Elevated Railroad Company* v. *Harold* (30 Hun, 466) followed.

Motion for an additional allowance, under section 3253 of the Code of Civil Procedure, in a controversy submitted upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*MacFarland, Boardman & Platt,* for the motion.

*Henry R. Beekman,* opposed.

Per Curiam :

This is a controversy submitted upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure. The plaintiff has prevailed, and now moves for an additional allowance, and the question arises whether the court has power to make such an allowance in a case of this kind ; that the case is difficult and extraordinary within the meaning of the statute, hardly admits of dispute.

To authorize the court to grant an additional allowance, under section 3253 of the Code, on the ground that the case is difficult and extraordinary, it must be made to appear, first, that the litigation is an action ; and, secondly, that a defense has been interposed. If these two facts are established, there would seem to be no doubt of the power to award a further sum in addition to costs to the prevailing party. It is clear that a controversy submitted without process, as provided in the Code, is an action. Section 1280 provides that the case, submission and affidavit must be filed in the office of the clerk of the court, to which the submission is made ;

and goes on to declare, in express terms, that the filing is a presentation of the submission, and "thenceforth the controversy becomes an action, and each provision of law relating to a proceeding in an action applies," except as otherwise prescribed in section 1281. The latter section prescribes that "in such an action" the costs are always in the discretion of the court, but costs cannot be taxed for any proceedings before notice of trial, and, furthermore, that "the action must be tried by the court upon the case alone." Section 1281 contains nothing else relevant to the questions arising upon this motion. We think it is equally plain that, in a submitted controversy of this kind, a defense is interposed within the meaning of section 3253 of the Code of Civil Procedure. The position of the defendant is the same as that of a defendant who demurs to the complaint in an ordinary action. He admits the facts as alleged, but denies that they entitle the plaintiff to any relief as against him. The hearing before the General Term is practically the trial of an issue of law. (*Neilson* v. *Mutual Ins. Co.*, 3 Duer, 683.) It is defined by the Code to be a trial. In an ordinary action an extra allowance may be granted to a defendant who has demurred. (*N. Y. Elevated R. R. Co.* v. *Harold*, 30 Hun, 466.) The demurrer is deemed to be a defense under section 3253. A defendant in an action growing out of a submission to the General Term upon agreed facts should be regarded as having interposed a demurrer; and hence the court possesses the power to award him an additional allowance by way of costs, if the case is difficult and extraordinary.

In our opinion the motion should be granted.

Present — VAN BRUNT, P. J.; DANIELS and BARTLETT, JJ.

Motion granted.