(19 Misc. Rep. 410.)

WINNE v. FANNING et al.

(Supreme Court, Special Term, Albany County. February, 1897.)

1. COSTS—EXTRA ALLOWANCE—ON DEMURRER TO COMPLAINT.
    A demurrer to the complaint is a "defense," within Code Civ. Proc. § 3253, authorizing an extra allowance "where a defense has been interposed."

2. SAME—APPLICATION—WHEN MADE.
    The "final costs" before the adjustment of which application for an extra allowance must be made (Gen. Rule Prac. 45) are those inserted in the "final judgment" entered in the trial court on a decision, report, etc. (Code Civ. Proc. § 1021); not the costs on appeal.

Action by Isaac W. Winne against Benjamin Fanning and others. Defendants move for an extra allowance of costs. Denied.

L. W. Baxter, for the motion.
I. W. Winne (J. H. Clute, of counsel), opposed.

CHESTER, J. The defendants move for an extra allowance of costs. The action was brought to set aside certain judgments, and

to declare certain conveyances and liens to be subject to a mortgage held by the plaintiff. The defendants interposed a demurrer to the complaint, which was sustained, with costs to be taxed, with leave to the plaintiff to amend his complaint, and pay such costs within 20 days after service of notice of entry of interlocutory judgment, and, in case of his failure so to do, defendants to have final judgment against the plaintiff sustaining the demurrer and dismissing the complaint, with costs. The defendants taxed their costs, and entered interlocutory judgment. The plaintiff thereupon took an appeal from the interlocutory judgment to the appellate division. The plaintiff having failed to amend his complaint and pay the costs within the time provided by the interlocutory judgment, the defendants, after the notice of appeal was served, entered a final judgment dismissing the complaint, with costs, and the amount thereof, having been adjusted by the clerk, was entered in the judgment. Plaintiff then served a notice of appeal to the appellate division from the final judgment. Both appeals were heard at the same time, and resulted in an order of affirmance. Before the entry of the judgment under the order of affirmance, this motion is made.

I have no hesitation in holding that the action is a difficult and extraordinary one. It has also been held in several cases that a demurrer is a defense, within the meaning of that term as used in section 3253 of the Code of Civil Procedure. Railroad Co. v. Harold, 30 Hun, 466; Vietor v. Halstead (Sup.) 14 N. Y. Supp. 516. But I think this application comes too late. Rule 45 requires that application for additional allowances shall in all cases be made before final costs are adjusted. This means the costs which are inserted in the final judgment rendered in the trial court, and the application must, therefore, be made before the costs are taxed and the judgment entered. Martin v. McCormick, 3 Sandf. 755; Van Rensselaer v. Kidd, 5 How. Prac. 242; People v. New York Cent. R. Co., 30 How. Prac. 148; Clarke v. City of Rochester, 29 How. Prac. 97, affirmed Id. 111, 112. See 34 N. Y. 355. That the judgment last entered in the trial court, and not the judgment of affirmance thereof, is the final judgment, is made entirely clear by section 1021 of the Code of Civil Procedure, pursuant to which the former was entered. If the defendants desired to preserve their right to move for an extra allowance, they should not have taxed their costs and entered final judgment thereon, but should have awaited the affirmance by the appellate division of the appeal from the interlocutory judgment, which appeal, it appears, was taken before they entered their final judgment. The motion should be denied, with costs.

Motion denied, with costs.