### ASSETS COLLECTING CO. v. MYERS et al.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

Costs ⊚⇒164—Extra Allowances—Awarding.

Where plaintiff put defendants to the trouble and expense of defending an unfounded action for extravagant damages, and the cause was terminated by a dismissal of the complaint, defendants may be granted an extra allowance, for the argument of the motion to dismiss involved a trial of the issues of law, just as would an argument on demurrer.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec. Dig. ⊚⇒164.]

Appeal from Special Term, New York County.

Action by the Assets Collecting Company against Emanuel J. Myers and others. From an order denying defendants' motion for an extra allowance, they appeal. Order reversed, and allowance granted.

See, also, 167 App. Div. 133, 152 N. Y. Supp. 930.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Gordon S. P. Kleeberg, of New York City, for appellants.
Lawrence E. Brown, of New York City, for respondent.

SCOTT, J. This action was brought for the large sum of $1,040,-000, claimed as damages for a fraudulent conspiracy on the part of defendants to throw the firm of Otto Heinze & Co. into bankruptcy. The action was certainly an unusual one, and may reasonably be called a difficult and extraordinary one. There were three complaints, an original one and two amended ones, with corresponding answers and replies. There were a large number of motions of various kinds, and finally the complaint was dismissed as the result of a motion for judgment on the pleadings.

While ordinarily we are not in favor of granting an extra allowance in a case which has not actually gone to trial on the merits, we consider that this is an exceptional case. The plaintiff has put the defendants to the expense and trouble of defending an unfounded action for extravagant damages, and the cause has been terminated by a dismissal of the complaint. The argument of the motion to dismiss involved a trial of the issues of law just as the argument of the issues raised by a demurrer would involve such a trial. There is ample authority for granting an extra allowance in such a case. Jermyn v. Searing, 139 App. Div. 116, 123 N. Y. Supp. 832; People v. Bootman 180 N. Y.

1, 72 N. E. 505, 2 Ann. Cas. 226; Ryan v. City of New York, 159 App. Div. 105, 143 N. Y. Supp. 974.

We regret to observe in the respondent's brief a totally irrelevant and improper reference to a decision of this court in a case in which one of the appellants was concerned. The practice of pursuing such tactics as this has frequently been condemned by this court, and is calculated to do little good to the party who adopts it.

The order appealed from is reversed, with $10 costs and disbursements, and the motion granted, to the extent of granting an extra allowance of $2,000 to the appellants, with $10 costs of motion. All concur.