MORRIS OSINOFF, Appellant, *v.* GERT REALTY CORPORA-
TION, Respondent, Impleaded with Others.

(Argued June 16, 1932; decided July 19, 1932.)

*Walter H. Pollak* and *Ruth I. Wilson* for appellant. The mortgagor's claim to have rents and profits collected by an alleged mortgagee in possession credited on the mortgage debt, whether regarded as an equitable right of set-off or as part payment, must be pleaded. It was error to permit the mortgagor to assert this claim by affidavit, after judgment and sale, and merely upon affidavit to adjudge that plaintiff must account. (*Colton* v. *Rupert*, 60 Mich. 318; *Maurer* v. *Grimm*, 84 App. Div. 575; *Maxol Syndicate* v. *Hegeman Co.*, 138 Misc. Rep. 179; *Gordon* v. *Krellman*, 207 App. Div. 773; *Hoye* v. *Bridgewater*, 134 App. Div. 255; *Waring-Laconia Co.* v. *No. 964 Grand Concourse & Boulevard*, 133 Misc. Rep. 577; *Krueger* v. *Ferry*, 41 N. J. Eq. 432; 43 N. J. Eq. 295; *Ford* v. *Smith*, 60 Wis. 222; *Hubbell* v. *Moulson*, 53 N. Y. 225; *Reich* v. *Cochran*, 213 N. Y. 416; *Harrison* v. *Hall*, 239 N. Y. 51; *McClelland* v. *Climax Hosiery Mills*, 252

N. Y. 347; *Helfhat* v. *Whitehouse*, 258 N. Y. 274; *Castle* v. *Persons*, 117 Fed. Rep. 835; *Ketchum* v. *Edwards*, 153 N. Y. 534.) The error of determining the question of plaintiff's accountability upon affidavit was not cured by the circumstance that the referee purported to take testimony on this issue. The referee to compute, even if it could be assumed that he gave fresh consideration to an issue predetermined by the order under which he acted, had no authority to try the issues upon which the right to an accounting and the scope of the accounting depended. Nor had he power to try issues involving questions of law. (*McCrackan* v. *Valentine's Executors*, 9 N. Y. 42; *Malone* v. *St. Peter & Paul's Church*, 172 N. Y. 279; *Goodyear* v. *Brooks*, 2 Abb. Cases [N. S.], 296; *Magown* v. *Sinclair*, 5 Daly, 63; *Mackay* v. *Dennington*, 82 Hun, 509; 145 N. Y. 606.) An extra allowance was granted under Civil Practice Act, section 1513, subdivision 2. The statute does not permit an allowance where no answer has been interposed. (*Poughkeepsie Sav. Bank* v. *Herron*, 256 N. Y. 339.)

*Herman Kahn* for respondent. The referee had jurisdiction to take the rent accounting of the plaintiff. (*Cochran* v. *Anglo-American Drydock & Warehouse Co.*, 69 Hun, 168; *New York Bank Note Co.* v. *Hamilton Bank Note Co.*, 56 App. Div. 488; *Karon* v. *Eisen*, 72 Misc. Rep. 12; *Sanders* v. *Rhewbottom*, 7 N. Y. St. Repr. 167; 43 Hun, 639; 108 N. Y. 622.) The order properly directed an accounting of the rents by the plaintiff. (*McCloud* v. *Meehan*, 30 Misc. Rep. 67; *Wood* v. *Wesley*, 75 Misc. Rep. 521; 151 App. Div. 897; *Archer* v. *Archer*, 171 App. Div. 549; *Furman* v. *Furman*, 153 N. Y. 309; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Felino* v. *Newcomb Lumber Co.*, 64 Neb. 335; *Horrigan* v. *Wellmuth*, 77 Mo. 542; *Vincent* v. *Moore*, 51 Mich. 618; *Young* v. *Brand*, 15 Neb. 601; *Berkowitz* v. *D. D. Holding Corp.*, 229 App. Div. 443; *Knapp* v. *Burnham*, 11 Paige, 330; *People* v. *Donnelly*, 168 App. Div. 500; *Mathot* v. *Triebel*,

102 App. Div. 426; *McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347.) The Appellate Division properly allowed to the defendant an additional allowance, pursuant to section 1513 of the Civil Practice Act, upon the ground that the case was difficult and extraordinary. (*Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493; *Usdansky* v. *Lane*, 184 App. Div. 140; *Dudley* v. *Perkins*, 123 Misc. Rep. 496; *Volmar* v. *Schall*, 61 N. Y. 566.)

CROUCH, J. Plaintiff was, in 1927, mortgagee of a third mortgage upon two lots and apartment buildings owned by defendant Gert Realty Corporation (hereinafter referred to as Gert), which mortgage was collaterally bonded by the three individual stockholders of Gert, Stein and the two Barchams. Gert became financially embarrassed in September of that year, defaulting on principal and interest of a second mortgage on one property on September 8, 1927. This also constituted a default of plaintiff's mortgage by its terms, and on September twentieth plaintiff put up the money to pay this. An agreement was then entered into between Gert and plaintiff, whereby plaintiff waived the default, took an assignment of the leases and rents to continue until his mortgage was paid and agreed in effect to apply on the mortgage debt any surplus of profits above operating expenses and charges.

A default in the other second mortgage occurred October first. Other debts were due and unpaid. Negotiations were subsequently entered into between the parties and one Beigelman looking toward the sale of the properties to him. These failed, and at about the time they failed plaintiff and Beigelman entered into an agreement by which plaintiff as " seller " was to foreclose and sell to a corporation owned by Beigelman as " purchaser " for the amount of plaintiff's mortgage and charges superior to it due or to become due before foreclosure sale. The " purchaser " was authorized by plaintiff to collect rents

under the assignment from Gert to plaintiff, and was obligated to pay charges upon the properties.

Foreclosure was started and Beigelman put in possession of the premises by plaintiff. The defendants did not appear in the action. Judgment of foreclosure and sale was entered March 8, 1928, on the report of the referee finding $15,754.75 due. On plaintiff's *ex parte* application it was referred back to prove additional payments made to preserve plaintiff's lien during the pendency of the action, making a total of $29,986.59, upon which judgment was again entered April 13, 1928. But no credit was given for nor was anything said about the rents which had been collected. The properties were sold May 10, 1928, for an amount which left a surplus of $6,700. This proceeding in nowise affects the purchasers.

Subsequently defendant Gert moved for a reference to ascertain the amount of rent collected and disbursements made by plaintiff while in possession under the assignment, which was granted at Special Term, reversed in the Appellate Division and resettled so as to be without prejudice to an application by Gert to open its default in appearance in the action. A motion to have the default reopened and to have plaintiff account for rents was granted, the order affirmed, and a reference held thereon.

Plaintiff presented three successive accounts, based on information from Beigelman, to the latter of which defendant filed objections. The referee found the accounts falsified, and that instead of $19,130.40 receipts and $27,717.81 disbursements, there were in fact receipts of $24,720.89 and disbursements of $12,095.98, leaving a balance due plaintiff of $12,624.91. The padding of the accounts and the concealment of receipts were during the period when Beigelman managed the properties, none of the receipts or expenditures being handled by plaintiff personally. The testimony fully sustains the conclusion of the referee and the findings of the Appellate Division upon these issues.

The crucial contention of the appellant is that the mortgagor's claim to have rents and profits collected by the mortgagee in possession credited on the mortgage debt must be formally pleaded; that it was error to permit the mortgagor to assert this claim by affidavit after judgment and sale, and to have the accounting before a referee to compute as an incident to the foreclosure action. The theory upon which the Appellate Division proceeded in permitting the accounting to be had before the referee as it did seems reasonably clear. The defendant was in default, both in appearing and in answering in the action. When defendant first applied for a reference concerning rents, the Appellate Division said, in substance: " You have no standing in the action because of your default. However, you may apply at Special Term to have your default in appearance opened. If you are successful, you will be in the same position you would have been in had you originally served a notice of appearance; that is, you would have been entitled to a notice of the hearing and a right to be heard before the referee to compute the amount owing to plaintiff on the mortgage, and for other moneys advanced. With the reference thus opened up, if the plaintiff, in proving the amount due him, lays claim to credit for payments made by him while mortgagee in possession, you can insist upon his accounting for the rents and profits collected by him during the same period."

Under the facts of this case, we see no serious objection to this procedure.

Defendant's moving affidavits alleged the arrangement made with the plaintiff as mortgagee under which he went into possession charged with a duty to collect the rents, pay charges and apply any surplus upon the mortgage indebtedness until such time as it might be paid. There were alleged many facts from which the existence of a surplus might be inferred; also a demand to account for the same and a refusal by the plaintiff to do so. Plain-

tiff's answering papers admitted accountability, but asserted a deficit instead of a surplus. Specifically, plaintiff admitted having collected rents to the amount of $17,456.50, but claimed expenditures of $25,000.

Later when the parties were before the referee, the plaintiff, for the first time, attempted to raise the question of accountability. Over the defendant's objection, plaintiff was permitted to put in proof tending to show that the contract between plaintiff and Beigelman was engineered, or at least consented to, by the defendant Gert, and that it, in effect, constituted Beigelman the agent of defendants. Plaintiff, having once admitted accountability and then, when permitted to retract the admission and litigate the issue, having lost, there seems to be no substantial reason why he should be permitted to try it again. It is true that a reference to compute is not a reference to hear and determine. The trial of the issue of accountability, however, having been had at the instance of the plaintiff was a mere irregularity and may be disregarded. (Civ. Prac. Act, § 105.)

Appellant's argument that a mortgagor's claim to credit for rents collected by a mortgagee in possession must be formally pleaded rests fundamentally upon *Hubbell* v. *Moulson* (53 N. Y. 225) and *Reich* v. *Cochran* (213 N. Y. 416, 423, 424). Those cases hold that " the *law* does not apply the rents and profits received by a mortgagee in possession to the payment of the mortgage. Such application depends upon the result of an accounting on equitable principles."

The law of those cases applies only in the absence of an agreement between the parties. (See *Hubbell* v. *Moulson, supra,* p. 229.) Here under the assignment of rents by the defendant to the plaintiff there was in substance an agreement that any surplus of rent should be applied in extinguishment of the mortgage debt. In other words, what the law itself would not do, the parties had done by contract. The decision does no more than to enforce that contract.

An extra allowance of $764.12 was made to the defendant Gert Corporation. Under the circumstances of the case, the only extra allowance permitted by statute is limited to $200. (Civ. Prac. Act, § 1513, subd. 1.)

The orders appealed from should be affirmed and the judgment appealed from should be modified by reducing the amount of the additional allowance from $764.12 to $200, and as modified affirmed, with costs to the respondent. (See 260 N. Y. 564.)

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CRANE, J., concurs on the authority of *Conkling* v. *Weatherwax* (181 N. Y. 258, 266).

Ordered accordingly.