TOWN OF BRIGHTON, Plaintiff, *v.* ROCHESTER VULCANITE PAVE-
MENT COMPANY and Others, Defendants.

Supreme Court, Monroe County, November 11, 1933.

*Edward M. Ogden* [*Charles L. Pierce* of counsel], for the Town of
Brighton.

*Raines & Raines* [*Eugene Raines* of counsel], for the Rochester
Vulcanite Pavement Company.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating*
of counsel], for William S. Lozier.

LOVE, J. Decision on this application, made at the close of the
plaintiff's case in connection with motions for dismissal, was
reserved. It is an application for the allowance of extra costs
under section 1513 of the Civil Practice Act on the grounds that
the case was a difficult and extraordinary one.

As applicable here section 1513 of the Civil Practice Act reads:
" in a difficult and extraordinary case, when a defense has been
interposed in an action, * * *, the court, in its discretion,
also may award to any party, a further sum, as follows:

" 1. * * *

" 2. In any action * * * where a defense has been inter-
posed * * * a sum not exceeding five per centum upon the

sum recovered or claimed, or the value of the subject matter involved."

It is not the purpose of this law to reimburse a successful party for the expense to which he has been put in the action. The purpose is to indemnify him for the expenses incurred by him beyond those which are usually necessary.

The matter hinges on the questions of whether the case called for more than the usual amount of investigation in preparation for trial, whether an unusual amount of labor was necessary in preparation, whether there were difficulties in preparation, the time consumed in preparation and on trial and whether many questions of law and practice were involved in order to determine whether the case was both a difficult and extraordinary one within the purview of this section.

There were motions for bills of particulars, appeals thereon to the Appellate Division, motions for preclusion of evidence under the bills of particulars finally ordered by the Appellate Division and motion for filing of an amended complaint.

There was undoubtedly a large amount of work made necessary in preparation for trial and eight days were expended on the trial.

The nature of the case was such that preparation and trial involved difficult technical matters to a large degree.

The preliminary work and the trial involved many questions of law and practice.

The trial resulted in a dismissal of the complaint upon the grounds that there was no fraud or breach of contract involved.

No allowance can be made on the ground that the charge was fraud but the fact that both the charge of fraud and that of breach of contract were unfounded may be considered.

In *Assets Collecting Co.* v. *Myers, No. 1* (170 App. Div. 265) an extra allowance of $2,000 was made. Complaint therein was dismissed by a motion for judgment on the pleadings. As here, a fraudulent conspiracy was charged. The fact that the defendants were put to the expense and trouble of defending an unfounded action was considered.

In *Hine* v. *Lausterer* (135 Misc. 655) an extra allowance of $1,000 was granted in a fraud case where the complaint was dismissed. This case was tried in two days. The instant case took eight days.

The defendants are entitled to an extra allowance where the action is difficult and extraordinary in an action where plaintiff would be entitled to one if it prevailed. (*Realty Associates* v. *Packard Motor Car Co.,* 119 Misc. 292.)

Section 1514 of the Civil Practice Act provides that all sums

awarded to two or more parties on the same side under subdivision 2 of section 1513 cannot exceed in the aggregate $2,000. (*Warren* v. *Warren*, 203 N. Y. 250.)

Feeling that this is a difficult and extraordinary action and keeping in mind the purpose of the law as being to indemnify the defendants for the expenses to which they have been put which are beyond those usually necessary, not to reimburse them for their entire expense, an extra allowance of $1,000 each is granted to defendants Rochester Vulcanite Pavement Company and William S. Lozier.