THE BANK OF UNITED STATES, Plaintiff, *v.* THE NATIONAL CITY BANK OF NEW YORK and Another, Defendants.

Supreme Court, New York County, June 26, 1934.

*Carl J. Austrian* [*Edward Garfield* of counsel], for the plaintiff.

*Shearman & Sterling* [*James Sheffield* of counsel], for the defendant National City Bank of New York.

*Newman & Bisco* [*L. G. Bisco* of counsel], for the defendant Manufacturers Trust Company.

LAUER, J. The motion of the defendant National City Bank returnable before me in Trial Term, Part XIII, is hereby consolidated with motion No. 161 of Special Term, Part I, of June 21, 1934. The motions are of similar nature. Each of the defendants asks for an extra allowance pursuant to section 1513 of the Civil Practice Act.

The plaintiff's complaint sought to recover the sum of $41,536.65 and was brought on five different causes of action. Although in effect an action to recover for alleged overpayments and for breach of contract, the action resulted from the admittedly involved loan transactions of the parties with the Tex-O-Ray Corporation, amounting to almost $1,000,000, covering a period of about three years.

The purpose of the statute is to indemnify a party for the expenses incurred by him beyond those which are usually necessary. (*Town of Brighton* v. *Rochester Vulcanite Pavement Co.*, 149 Misc. 592.) Before the court will exercise its discretion in granting an extra allowance it must first ascertain whether the action required more than the usual amount of investigation in preparation for trial, whether there were difficulties in preparation, the time consumed in preparation and on trial, and whether difficult and extraordinary questions of fact or law presented themselves. (*Town of Brighton* v. *Rochester Vulcanite Pavement Co.*, *supra*.) There need not be difficult questions of law to be litigated in order that the extra allowance be granted. As was pointed out in the case of *American Fruit Product Co.* v. *Ward* (113 App. Div. 319; affd., 190 N. Y. 533): "An allowance does not depend upon whether difficult questions of law have been litigated, but upon the question whether the *case* is a difficult and extraordinary one. * * * It may be difficult and extraordinary because of the questions of fact involved, as well as for any other reason."

In this case the parties were necessarily engaged in long and extensive preparation for trial over many months. This required the services of accountants and others by the parties besides the labors of counsel. There were preliminary motions for examinations before trial and for bills of particulars. Because of the nature of the action the bill of particulars consisted of about 600 pages and required the services of expert accountants and others at considerable expense in order to examine, collate and arrive at the facts. During the trial, which lasted two weeks, there were approximately 300 exhibits offered and introduced, and again the defendants were put to the expense of having accountants familiar with the details of the case attend and assist in the defense so that all of the difficult facts involved might be presented in a clear and concise manner.

Upon all the facts and circumstances I conclude that this was a difficult and extraordinary case within the purview of the statute. Accordingly, I award to each defendant the sum of $500 as extra allowance.