Metropolitan Savings Bank, Respondent, *v.* Friend L. Tuttle, as Executor of and Trustee under the Will of Angelo Ubriaco, Deceased, et al., Appellants, et al., Defendants.

Argued March 7, 1944; decided May 25, 1944.

*Friend L. Tuttle* and *Wilfred H. Gillon* for appellants.   I. Section 1513 of the Civil Practice Act furnishes ample authority for the award of an additional allowance herein.   The award of an additional allowance of $200 under subdivision 1 of the statute, would seem to follow as a matter of course in accordance with the usual practice.   But defendants contend, on principle and authority, that the court also had power to award them an additional allowance under subdivision 2 of section 1513 of the Civil Practice Act.   (*Badger* v. *Johnston,* 106 App. Div. 237; *United Press* v. *New York Press Co.,* 164 N. Y. 406; *Realty Associates* v. *Packard Motor Car Co.,* 119 Misc. 292; *Ansorge* v. *Kane,* 244 N. Y. 395; *Moulton* v. *Beecher,* 11 Hun 192; *New York El. R. R. Co.* v. *Harold,* 30 Hun 466; *Vietor* v. *Halstead,* 14 N. Y. S. 516; *Abbey* v. *Wheeler,* 57 App. Div. 417; *Assets Collecting Co.* v. *Myers No. 1,* 170 App. Div. 265, 225 N. Y. 631; *Poughkeepsie Savings Bank* v. *Herron,* 256 N. Y. 339; *Mora et al.* v. *Great Western Insurance Company,* 10 Bosw. 622; *First National Bank of Plattsburgh* v. *Bush,* 47 How. Pr. 78; *Kilmer* v. *Evening Herald Co.,* 70 App. Div. 291; *Chaffee* v. *Rahr,* 40 N. Y. S. 2d 484.)   II. The portions of the order and judgment denying defendants' motion for an additional allowance, herein appealed from, are reviewable by the Court of Appeals.   (*Husted* v. *Van Ness,* 1 App. Div. 120, 158 N. Y. 104; *Kitching* v. *Brown,* 180 N. Y. 414; *Warren* v. *Second Ave. R. R. Co.,* 206 App. Div. 258.)

*C. De Witt Rogers* for respondent.   As there was no trial, rule 200 of the Rules of Civil Practice requires the application to be made to the court " before which the judgment was rendered ", i. e., the Appellate Division.   When the Appellate

Division reversed the Special Term order and dismissed the complaint it made a new and complete adjudication. The judgment entered on the remittitur of the Appellate Division was the judgment of the Appellate Division. (*Lamport* v. *Smedley,* 213 N. Y. 82; *Kaumagraph Company* v. *Stampagraph Co.,* 235 N. Y. 1; *Herrman* v. *U. S. Trust Co.,* 221 N. Y. 143; *New York Investors, Inc.,* v. *Manhattan B. B. P. Corp.,* 137 Misc. 899; *Waldo* v. *Schmidt,* 200 N. Y. 199; *Hascall* v. *King,* 165 N. Y. 288.)

RIPPEY, J. This action was brought to foreclose a mortgage upon real property. The appellants, parties defendant in that action, moved at Special Term to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that the complaint, upon its face, was insufficient as a matter of law. That motion was granted with permission to serve a supplemental complaint. After service of the supplemental complaint, the same defendants moved on the same ground to dismiss that pleading, which motion was denied at Special Term. Thereupon an appeal was taken from that order denying that motion and the Appellate Division reversed the order, with twenty dollars costs and disbursements, and granted the motion, with ten dollars costs, with certain relief to plaintiff which is not material here. Upon the remittitur of the Appellate Division on such reversal, filed in the office of the clerk of Bronx County on April 12, 1941, and upon affidavits, the defendants thereupon moved at Special Term for judgment upon the remittitur and for an additional allowance under section 1513 of the Civil Practice Act. An order was made at Special Term granting the motion upon the remittitur and dismissing the complaint and supplemental complaint on the merits without prejudice to the institution of a new action for the foreclosure of the mortgage but denying the application for an additional allowance on the ground that, since no answer or defense was interposed to the complaint and no trial of the issues raised by such a pleading was had in the action, the court was without power to impose additional costs, and a judgment was entered upon the order in the office of the clerk of Bronx County on July 9, 1941. Thereupon, the appellants took an appeal to the Appellate Division from so much of the aforesaid judgment and order as denied the application for additional costs and

adjudged that the court was without power to grant an additional allowance. The judgment and order so far as appealed from were unanimously affirmed, with costs.

The granting or denial of additional costs under section 1513 of the Civil Practice Act is discretionary upon the merits in the lower courts (*Taylor* v. *Root*, 48 N. Y. 687) and such discretion, when exercised, is not reviewable in this court (*Dudley* v. *Perkins*, 235 N. Y. 448). By the form of the Appellate Division order and the judgment entered thereon, it must be presumed that the affirmance was based upon the ground that Special Term was without jurisdiction to grant an extra allowance and that the application therefor was denied for want of power.

Respondents urge here as the sole ground for affirmance of the judgment appealed from that the Appellate Division only had power under the provisions of rule 200 of the Rules of Civil Practice to pass upon a motion for an additional allowance since the Appellate Division reversed the order of Special Term denying the motion to dismiss the complaint and dismissed the complaint and thereby made a new and complete adjudication. That point is first made by the respondent in this court. Ordinarily we would not consider it for that reason. Since the case must be remitted for further proceedings, it seems advisable to pass upon the point. It was not made upon the motion for leave to appeal. We granted leave for the purpose of setting at rest the question of the power of Special Term to grant an additional allowance of costs in an action to foreclose a mortgage upon real property where no answer is interposed, where there is no trial of the issues raised by such a pleading, where there is no showing that the case is difficult and extraordinary and where the complaint is dismissed upon motion directed to the legal insufficiency of the complaint.

Respondent relies principally upon *Kaumagraph Co.* v. *Stampagraph Co.* (235 N. Y. 1), where it was held that in an action where issue had been joined by answer and a trial had been had and the Appellate Division had reversed the determination of the trial court and had made new findings and a new decree in accordance with the power vested in it by statute, it had the power to grant an additional allowance under rule 200 of the Rules of Civil Practice. Upon the facts,

the case is not in point, nor are other cases to somewhat similar effect cited by the respondent. In the circumstances here, the application for an additional allowance was properly made at Special Term, prior to the entry of the judgment upon the order of the Appellate Division. Jurisdiction lies in this court to pass upon the question of the power of Special Term to make such an allowance (*Hanover F. Ins. Co.* v. *Germania F. Ins. Co.*, 138 N. Y. 252). Under rule 200, it is provided that the application must be made to the court before which the trial was had or the judgment rendered before final costs are adjusted. As we later point out, the proceedings here constituted a trial of the legal issues involved on the motion to dismiss. An additional allowance may be made to either party to the action who is successful and entitled to costs (*United Press* v. *New York Press Co.*, 164 N. Y. 406, 414).

Section 1513 of the Civil Practice Act, insofar as it applies to the circumstances in this case, provides that " In an action brought to foreclose a mortgage upon real property  *  *  * where a defense has been interposed  *  *  *, the court, in its discretion, also may award to any party a further sum, *  *  * not exceeding five per centum upon the sum recovered or claimed, or the value of the subject matter involved." Actions where the further requirement is a showing that the case is difficult and extraordinary (*Matter of Baker*, 284 N. Y. 1, and other similar cases) are other than those for the foreclosure of a mortgage upon real property. In foreclosure actions, it is only where no " defense " is interposed that the additional allowance, if any, is limited to the sum of two hundred dollars, but where a " defense " is interposed the limit of the allowance is five per cent as above indicated (*Poughkeepsie Savings Bank* v. *Herron*, 256 N. Y. 339; *Osinoff* v. *Gert Realty Corp.*, 260 N. Y. 36). The question here is whether a defense was interposed in the action within the meaning of section 1513 of the Civil Practice Act.

Section 1513 takes the place of former section 3253 of the Code of Civil Procedure and is substantially in the same wording as the former section of the Code. Objections to pleadings in point of law were formerly taken by demurrer. Demurrer was abolished by section 277 of the Civil Practice Act and objections to pleadings for legal insufficiency are now

taken by motion in accordance with the practice prescribed by the Rules of Civil Practice. There is " no distinction in principle between the practice on demurrer and the present practice when demurrers are abolished (Civ. Prac. Act, § 277), and the same objection is taken by motion " (*Ansorge* v. *Kane*, 244 N. Y. 395, 397).

It was uniformly held under former section 3253 of the Code of Civil Procedure that an extra allowance might be granted to a defendant who had demurred to the complaint and that the demurrer was deemed to be a " defense " within the meaning of that section (*New York Elevated R. R. Co.* v. *Harold*, 30 Hun 466; *Kingsland* v. *Mayor, etc., of New York*, 52 Hun 98). The same conclusion has been reached in connection with motions for legal insufficiency of a pleading since the demurrer has been abolished (*Assets Collecting Co.* v. *Myers, No. 1*, 170 App. Div. 265, affd. 225 N. Y. 631).

We conclude that the motion to dismiss presented a " defense " within the meaning of the statute and that it raised a triable issue of law which was necessarily disposed of at Special Term.

The judgments should be reversed and the matter remitted to the Special Term for further proceedings not inconsistent with this opinion, with costs in all courts to the appellants.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.