METROPOLITAN SAVINGS BANK, Plaintiff, *v.* FRIEND L. TUTTLE, as Executor and Trustee under the Will of ANGELO UBRIACO, Deceased, et al., Defendants.

Supreme Court, Special Term, Bronx County, November 13, 1944.

*Friend L. Tuttle* for defendants.

*C. De Witt Rogers* for plaintiff.

HAMMER, J. Application is here made by defendants for an extra allowance under section 1513 of the Civil Practice Act. Under subdivision 2 thereof defendants seek 5% of the amount claimed in the complaint which seeks foreclosure of a mortgage on real estate in the sum of $19,700. An additional allowance is clearly distinguishable from taxable costs, and the purpose

of such an award is to indemnify a successful party for expenses beyond those usually incurred but not for the entire expense. (*Town of Brighton* v. *Rochester Vulcanite Pavement Co.,* 149 Misc. 592.) Under subdivision 2 an extra allowance is warranted only when it is shown that the case is both difficult and extraordinary within the usual and accepted meaning of those terms. (*Smith* v. *New York Central Railroad Co.,* 235 App. Div. 262.) But section 1513 makes its provisions applicable to an action to foreclose a mortgage upon real property, or for partition, or in a difficult or extraordinary case, where a defense has been interposed. Here defendant moved to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice, for a failure to state facts sufficient to constitute a cause of action. The motion, denied at Special Term, upon reversal was granted in the Appellate Division (261 App. Div. 1058) on the ground that " There was no default and no cause of action for the foreclosure of the mortgage when the complaint was served." Defendants' application for an additional allowance was denied. Upon appeal to the Court of Appeals it was held that an application for an extra allowance pursuant to section 1513 under the facts shown is properly addressed to the Special Term, and is there discretionary upon the merits. (293 N. Y. 26, citing *Taylor* v. *Root,* 48 N. Y. 687, and *Dudley* v. *Perkins,* 235 N. Y. 448.) Upon the above facts which are shown in the papers on the motion it is not shown that this case is difficult and extraordinary. Defendants contend that since appeals were required to obtain the dismissal of the unwarranted action alleged in the complaint they have shown facts which warrant the grant of an extra allowance. In *Assets Collecting Co.* v. *Myers* (170 App. Div. 265, affd. 225 N. Y. 631) an extra allowance of $2,000 was granted upon a dismissal of a complaint upon motion. *Foreman* v. *Jacques Construction Co.* (235 App. Div. 494, 496) held the amount involved in the claim resisted by defendant furnished the basis of compensation. (See, also, *People* v. *Bootman,* 180 N. Y. 1, 11.) The above cases were not actions to foreclose a mortgage on real property. But in *Poughkeepsie Savings Bank* v. *Herron* (256 N. Y. 339, 341, revg. 229 App. Div. 789) it was held the Special Term was empowered in its discretion under subdivision 2 of section 1513 to award additional allowances not in excess of 5% of the subject matter involved where defenses have been interposed in an action to foreclose a mortgage even though the case is not difficult or extraordinary. In the present case the Court of Appeals (293 N. Y. 26, 32) held

as follows: " We conclude that the motion to dismiss presented a ' defense ' within the meaning of the statute and that it raised a triable issue of law which was necessarily disposed of at Special Term." The Court of Appeals pointed out that under the former Code of Criminal Procedure (§ 3253) a demurrer was deemed a " defense " (*N. Y. Elevated R. R. Co.* v. *Harold,* 30 Hun 466; *Kingsland* v. *Mayor, etc., of New York,* 52 Hun 98); and since demurrer has been abolished a motion for dismissal for legal insufficiency is deemed a defense, within the meaning of section 1513 of the Civil Practice Act. (*Assets Collecting Co.* v. *Myers, supra.*) The Court of Appeals (293 N. Y. 26, 31) also held: " In foreclosure actions, it is only where no ' defense ' is interposed that the additional allowance, if any, is limited to the sum of two hundred dollars, but where a ' defense ' is interposed the limit of the allowance is five per cent * * * (*Poughkeepsie Savings Bank* v. *Herron,* 256 N. Y. 339; *Osinoff* v. *Gert Realty Corp.,* 260 N. Y. 36)." Accordingly defendants are entitled to an extra allowance here, not as a difficult and extraordinary case but by reason of successfully interposing their defense in the foreclosure action. Upon this application considering the work done, the questions involved and the time required to be spent, it is deemed that an award of $500 should be allowed to the defendants. Settle order.