WILLIAM J. HAMMEL et al., Plaintiffs, v. CAMP RANGER, INC., Defendant.

Supreme Court, Special Term, Sullivan County, December 30, 1950.

*Benjamin M. Goldstein* for defendant.

*William G. Birmingham* for plaintiffs.

ELSWORTH, J.. Motion by the defendant for an extra allowance under section 1513 of the Civil Practice Act upon the ground that this case was a " difficult and extraordinary " one within the meaning of that section.

This action was brought by the plaintiffs to restrain the defendant from trespassing upon a portion of a lake in Sullivan County, and for a declaratory judgment to the effect that the defendant was without right to enter or go upon the same. After a trial of the issues, judgment was granted and entered in favor of the plaintiffs. This judgment was reversed by the Appellate Division, Third Department, and new findings necessary to its new determination favorable to the defendant were made in that court (275 App. Div. 23). Judgment upon the order of reversal of the Appellate Division was subsequently entered in the office of the Clerk of Sullivan County. As to costs, said judgment provided for recovery by the defendant " of costs as taxed " in the sum of $728.52. There having been no application by the defendant for an extra allowance, none was included in said sum. Upon appeal by the plaintiffs to the Court of Appeals, the judg-

ment of the Appellate Division in defendant's favor was affirmed (300 N. Y. 602). No order or judgment of such affirmance has been entered thereon as yet.

A reading of pertinent cases discloses an unmistakable tendency toward the taking of a rather broad and liberal view as to what constitutes " a difficult and extraordinary case " under the section in question. The giving of due cognizance to such general attitude of the courts leads to the conclusion being reached here that the instant case under a proper exercise of discretion falls within the statutory category of " a difficult and extraordinary case ". That fact standing alone, however, is insufficient to allow the granting of this motion, since it is further provided in said section 1513 of the Civil Practice Act that any extra allowance made must be computed " upon the sum recovered or claimed, or the value of the subject matter involved." (Subd. 2.) Here there has been no recovery of any sum by the defendant against the plaintiffs and there exists neither proof nor determination of the value of the subject matter involved upon which an extra allowance properly could be predicated.

A denial of this motion is further made mandatory upon grounds wholly apart from those already discussed. Rule 200 of the Rules of Civil Practice provides that an application for additional allowance " in all cases shall be made before final costs are adjusted." Under the language of this rule as construed in *Winne* v. *Fanning* (19 Misc. 410, 411) and cases there cited " this application comes too late." (See, also, *Metropolitan Sav. Bank* v. *Tuttle,* 293 N. Y. 26, 31.) The final adjustment of defendant's costs in this case came when the same were incorporated as taxed in the judgment entered upon the decision of the Appellate Division. Of course, the defendant is entitled to his appeal costs in the Court of Appeals, but these must not be confused with his final adjusted costs as fixed in the already existing judgment. The two items are separate and distinct and the second item — namely, costs in the Court of Appeals — could never have known existence except for plaintiffs' appeal to that court. The defendant's appropriate time for seeking an additional allowance was before the entry of judgment adjusting costs upon the reversal order of the Appellate Division and it appears this could have been by application either to the Appellate Division itself (see *Kaumagraph Co.* v. *Stampagraph Co.* 235 N. Y. 1, 10) or to Special Term (see *Metropolitan Sav. Bank* v. *Tuttle, supra,* p. 31). Having failed to so act in the premises, its present application must fall as untimely.

The case of *Barnard* v. *Hall* (143 N. Y. 339) has been cited by the defendant as bearing upon this question of timeliness. It has been examined. No rule is enunciated therein which conflicts with the views above expressed. The case does sanction an extra allowance granted by the Supreme Court after the determination of an appeal to the Court of Appeals but only to that extent is it factually analogous to the situation here presented. Accompanying that extra allowance was a granting of taxable costs in the action which had not been taxed before and which could not have been taxed earlier under the circumstances there obtaining. The instant situation of an extra allowance being sought after " final costs are adjusted " was in no way presented in that case.

Defendant's motion is denied accordingly.

Submit order.